UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. LAVONIA LONZO,<br><br>Plaintiff,<br><br>v.<br><br>MORAINE VALLEY COMMUNITY COLLEGE,<br><br>Defendant. | Case No. 22-cv-7164<br><br>District Judge Andrea R. Wood<br><br>Magistrate Judge Beth W. Jantz |

## ORDER

Plaintiff's Motion to Compel [40] is denied without prejudice, and Defendant's Motion to Compel [49] is denied, for all of the reasons explained below. A status hearing is set for 4/16/25 at 11:15 a.m. To join the hearing by phone, dial 1-650-479-3207 and enter access code 2308 182 1801. Entering an attendee code is not required. Prior to the hearing, the parties are directed to exchange settlement positions if they're interested in doing so; Plaintiff's settlement demand is due by 3/27/25, and Defendant's settlement offer is due by 4/10/25. The parties should be prepared to discuss the prospects of settlement, their meet and confer efforts, and the status of written discovery in general, at the next status hearing. No further discovery motions may be filed in advance of this status so that they can be addressed efficiently in the first instance at the status.

**I.    Background**

Plaintiff is a Black woman who was 56-57 years old during the relevant time period. [*Id.* at ¶ 8.] Plaintiff was hired and began employment with Defendant as a part-time Adjunct Assistant Librarian on October 28, 2019, with Troy Swanson (the Library Department Chair) acting as her

1

supervisor. [*Id.* at ¶¶ 17-18.] Plaintiff worked 21 hours per week during the fall 2019 semester and 22 hours per week during the spring 2020 semester. [*Id* at ¶¶ 22-23.] Plaintiff alleges that two other part-time assistant librarians (who were non-Black and under 40 years old) were scheduled to work 25 or more hours per week, and that one of these librarians had less seniority than Plaintiff (the other was hired only five months before her). [*Id*. at ¶ 24.]

Plaintiff alleges that on April 27, 2020, Swanson called her and told her that her position would be "closed" in May "due to budgetary issues precipitated by the Covid-19 pandemic." [*Id.* at ¶ 29.] Plaintiff further claims that all other similarly situated part-time librarians were allowed to continue working after a furlough email was sent, or allowed to return to scheduled library work in the ensuing months. [*Id.* at ¶ 46.] Plaintiff initiated the instant lawsuit, bringing causes of action for age (ADEA) and race (Title VII) discrimination for failure to hire based on an initial application in June 2019 (Counts I and II), discrimination based on Defendant's refusal to allow Plaintiff to work 25 hours per week (Counts III and IV), wrongful termination (Counts V and VI), and retaliatory discharge (Counts VII and VIII). [Dkt 15.] The parties have been engaged in discovery since approximately July 2023, but have hit an impasse on several issues that resulted in the instant motion practice.

## II. Plaintiff's Motion to Compel

Plaintiff's motion seeks to compel Defendant to: "(a) conduct an adequate search for electronically stored information; (b) produce electronically stored information in the form explicitly requested by Dr. Lonzo; and (c) produce documents and communications responsive to Request Nos. 2-4, 6-12 and Interrogatory Nos. 6 and 8." [Dkt. 40 at 2.]

First, Plaintiff argues in her motion to compel that Defendant did not conduct adequate electronic discovery searches, and "simply asked Swanson – the individual that Dr. Lonzo has

alleged discriminated against her – to produce 'his file' and in doing so gave him total and untethered discretion to establish the universe of documents Defendant should produce in this action." [Dkt. 40 at 13.] The parties, however, do not appear to have adequately covered in the first instance the requirement in Federal Rule of Civil Procedure 26(f)(2), (3)(C) that their initial discovery planning conference cover and come up with a plan for "any issues about disclosures, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced." Their Joint Initial Status Report simply states that "Yes, discovery will encompass ESI" and that there were no anticipated issues at the time. [Dkt. 22.] From what the Court can tell, there does not appear to have been any joint discussion on custodians, search terms, or the form of ESI production. The Court therefore denies this part of Plaintiff's motion without prejudice, and orders the parties to engage in the meet and confer required by Rule 26(f)(3)(C) within 21 days of this order to reach an agreement on custodians and search terms for ESI.

Additionally, Judge Jantz's Standing Order on Discovery Motions and Motions to Compel states: "[w]ith particular respect to electronic discovery disputes, if the parties have reached an impasse regarding the discovery of records from a database, server, computer, service provider or similar electronic storage facility (ESF), *before filing a motion to compel*, the parties are required to meet and confer with an IT representative for each party in order to determine the most effective and feasible ways to retrieve the requested material, as well as the proper format for the retrieval of the records." The parties must follow this standing order and include an IT representative in any forthcoming L.R. 37.2 conferences if they cannot reach agreement on their own.[1]

---

[1] Judge Jantz's Standing Order on Discovery Motions and Motions to Compel also admonishes that "parties must not seek overbroad requests in the hope that the Court will tailor the resolution on its own; each discovery request will be adjudicated based on the totality of the request, so parties should appropriately narrow their requests ahead of

Next, with respect to ESI format, Plaintiff seeks to have Defendant "produce electronically stored information in the form explicitly requested by Dr. Lonzo." [Dkt. 40 at 2.] In her request for production, Plaintiff requested that Defendant "[p]roduce ESI in native format and as Group IV single-page TIFF format files imaged at 300 dpi, both named to reflect Bates numbers" and provide "a standard load file." [Dkt. 40-1 at 15.] Additionally, "[a]ll Excel and/or media files shall be produced only in their native format, with a slip sheet (in TIFF format) indicating the file is produced in native format only." [*Id.*] Plaintiff's request for production also included several metadata fields that she requests be populated in the production. [*Id.*]

The documents that Defendant produced apparently did not have any metadata and many of the documents were in PDF format. [Dkt. 40 at 8-9.] Defendant's responses to Plaintiff's requests for production averred that the documents it produced were "as they have been kept by Defendant in the usual course of its business." [Dkt. 40-1 at 52.] The Court denies this part of Plaintiff's motion without prejudice as well. The Court understands that some of the forms and metadata fields requested by Plaintiff may not be technologically feasible for Defendant in certain aspects of its production. When the parties meet and confer (including with their respective IT professionals if necessary as ordered above), the parties should also discuss the viability of complying with Plaintiff's ESI form requests and compromise where necessary to reach a reasonable resolution of any outstanding issues.

Finally, Plaintiff's motion is denied without prejudice as to the categories of documents listed in the motion. The motion does not comply with Judge Jantz's Standing Order on Discovery Motions and Motions to Compel, which states that "[a]ny motions to compel must identify and

---

time. Failure to do so may result in denial of the motion to compel with prejudice; the Court will not tailor a discovery request for the party when it could have done it on its own."

4

attach the specific discovery requests at issue, as well as the opposing party's response (*i.e.*, **motions must not simply identify specific "categories" of documents or discovery that the movant seeks**)." (Emphasis added). Although Plaintiff's motion to compel does briefly cite to certain requests for production and interrogatories in the introductory paragraph, there is no discussion of those discovery requests anywhere in the body of the motion. As such, the motion is denied without prejudice with leave to re-file after the parties' meet and confer efforts. The Court is sensitive to the fact that the motion was initially filed before the District Judge, who may have different procedures, but the case has now been referred to Judge Jantz, and thus the parties must comply with its standing orders.

Having said that, the Court notes that on first blush, the types of documents and ESI that Plaintiff seeks seem reasonable and likely relevant in an employment discrimination case. The Court understands that Defendant's position, for example, is that "[t]he evidence will show that the College limits the hours of such employees to under 25 in order to prevent them from becoming eligible for benefits such as paid health insurance" and that Plaintiff's employment was the unfortunate casualty of a once-in-a-century pandemic that hurt the attendance and revenues of schools all over the country. [Dkt. 43 at 2.] But Plaintiff does not need to take Defendant's word for it as to any of Defendant's defenses. She is entitled to relevant discovery, including ESI and emails, which are standard discovery in almost all cases now,[2] that might disprove Defendant's claims and demonstrate that other similarly situated, non-Black, younger library employees were treated more favorably than her, which may tend to show that she was subjected to adverse employment actions due to her race or age. The Defendant may not stand on producing just hard

---

[2] One of the main cases that Defendant relies on in its response is *Covad Communications Co. v. Revonet, Inc.*, 267 F.R.D. 14, 20 (D.D.C. 2010), a 15-year old case from another District.

copies, "personnel files," or the documents of just one custodian (Swanson) given the factual background provided by both parties. [Dkt. 40 at 6-7.]

### III. Defendant's Motion to Compel

Defendant moves to compel Plaintiff to answer RFAs 5 and 6. These RFAs concern the circumstances under which Plaintiff left her previous job with the Chicago Board of Education. RFA 5 states: "Admit that in response to Defendant's inquiry of 'reason for leaving,' Plaintiff answered: 'The Library was closed due to budget cuts.'" [Dkt. 49-2 at 4.] Plaintiff objected at first, but subsequently withdrew her objection and admitted RFA 5. [Dkt 49-2 at 4; Dkt. 52-1 at 3.] Therefore, the motion is denied as moot as to RFA 5.

RFA 6 seeks Plaintiff to "[a]dmit that the reason stated in [RFA 5] above was false." [Dkt. 52 at 3.] Plaintiff again objected initially, but then issued a supplemental response that withdrew the objection and provided the following answer:

> Plaintiff denies that she intended to give an untruthful answer and therefore denies that the reason given in Request No. 5 is false but admits that the library closure was not the "reason for leaving" her employment at Chicago Public Schools. At the time Plaintiff made the statement quoted in Request No. 5, Plaintiff had a retaliation claim against the City of Chicago, Board of Education pending before the Illinois Human Rights Commission, who had already found, among other things, that "there is substantial evidence that Respondent retaliated against [Plaintiff], when it suspended her pending discharge on October 7, 2011." Also, at the time of the quoted statement, Plaintiff strongly believed (and continues to believe) that her suspension and subsequent termination were wrongful, but Plaintiff also believed that – if there was a finding in her favor – she could not be reinstated to her job as a librarian at Metcalfe Community Academy because the school library had closed.

[Dkt. 52 at 3.]

Although the response contains arguably superfluous verbiage, it satisfies the requirement in Rule 36(a)(4) that "[i]f a matter is not admitted, the answer must specifically deny it or state in

6

detail why the answering party cannot truthfully admit or deny it." The answer states that Plaintiff "denies that the reason given in Request No. 5 is false . . . ." While the answer also gives an explanation of why Plaintiff "denies that the reason given in Request No. 5 is false," the Court does not believe that it is improper to do so, provided that Plaintiff has either admitted, denied, or stated why she cannot truthfully admit or deny the RFA, and she has denied it in this case. Because Plaintiff has denied RFA 6 as required by Rule 36(a)(4), the Court denies the motion to compel as to RFA 6.[3]

## CONCLUSION

Plaintiff's Motion to Compel [40] is denied without prejudice. Defendant's Motion to Compel [49] is denied.

Dated: 3-7-25

_____
BETH W. JANTZ
United States Magistrate Judge

---

[3] Although not originally raised in the Defendant's motion, the reply brief mentions Plaintiff's responses to RFAs 3 and 4. [Dkt. 52 at 2.] However, Plaintiff's response to those RFAs are one-word admissions/denials and thus appropriate under Rule 36. To the extent Defendant is arguing that any of Plaintiff's responses are incorrect or logically inconsistent, that is not properly argued in a motion to compel under Rule 36. *See, e.g., Climco Coils Co. v. Siemens Energy & Automation, Inc.*, No. 04 C 50342; 2006 WL 850969, at *1 (N.D. Ill. Mar. 28, 2006) ("Rule 36 does not permit the court to determine whether a response is supported by evidence before trial").